Minshall, J.
The original action was commenced in the court of common pleas of Hamilton county by John Manss against the auditor of the city of Cincinnati, and the auditor and the treas *262 urer of the county, and sought to enjoin, in part, the collection of certain assessments that had been, made on his property for an improvement of Carson avenue in the city of Cincinnati, from Wabash to Glenway avenue. The case having been heard and decided against the plaintiff in the common pleas' was appealed by him to the circuit court; and was there heard and determined on the pleadings and evidence. The evidence showed, and the court found, that the property of the plaintiff abutted lengthwise 417 feet on the avenue, but did not in fact front thereon; that it fronted 121, and a fraction feet on Warsaw avenue, and a like number of feet on Laclede avenue. So that, under the rule heretofore adopted as to corner lots, it should have been assessed for the sum of 243i feet, only.
But it further appeared in the case, that the plaintiff, Manss, was one of the owners residing-on the avenue who petitioned the proper board for the improvement, and the improvement was ordered upon his petition and those who signed with him. Under section 2272, Revised Statutes, a petition signed by three-fourths in interest of the owners of property abutting upon the improvement, is the only authority to the city council to order an improvement to be paid for by assessments on the front foot. In the petition the plaintiff represented 417 feet, the length of his property on the improvement; and, in ascertaining whether under section 2272, Revised Statutes, the petition was signed by the requisite number in interest, received credit for 417 feet. And the question now arises, whether under these circumstances, he can bé heard to say, that he should be assessed for a less number of feet than he represented and for which he received credit, on the *263 question whether three-fourths in interest had signed the petition. We think not. It would not only be contrary to equality to allow an owner a greater number of feet as a petitioner in procuring an improvement, than he is to be assessed on in paying for it, but it would defeat the equity and policy of the statute. The language, “three-fourths in interest,” as used in the statute, necessarily refers to the interest the petitioners have in the cost of the improvement. It represents three-fourths of the total number of feet on which the costs of the improvement are to be assessed. If it referred to the benefits of the improvement, or the value of the lots of the petitioners, it would place it in the power of those having the least to pay to compel an improvement largely at the expense of those deiiving a much less benefit from it. If the number of feet a petitioner represents himself as having on the improvement, is not the number on which he is to be assessed, in case the improvement is ordered,then there is no mode by which it can be determined from the petition, whether the requisite number have asked for the improvement. It is certainly not the business of the council or of the board of improvements, to ascertain for themselves, aliunde the petition, whether a petitioner has the number of feet subject to assessment, represented by him in the petition. What he represents in the petition must, as against him, be taken as true. He is estopped to say otherwise. For it must be remembered that the very purpose of stating in a petition the number of feet each petitioner has, is to .enable the council to determine, whether the petitioners, in the aggregate, represent three-fourths in interest of the property owners to be assessed for the *264 improvement. And every one who signs a petition of this kind must be held to know the purpose and effect of it. There is nothing in. the case of Tone v. The City of Columbus, 39 Ohio St., 281, in conflict with what is here held. It was there held that Tone, by having signed the petition for the improvement, was not estopped from averring and proving that the petition had not been signed by the requisite two-thirds in interest, required by the statute under which the proceeding was had. But that is not this case. Manss claims that he has not the assessable number of feet represented in the petition for the improvement, which petition was signed by himself. A very different question from that in the case of Tone.
The view here taken of the case makes the consideration of other questions presented in argument unnecessary.

Judgment reversed, and petition of plaintiff below dismissed.